CHARLES CARREON (127139)
Online Media Law, PLLC
423 Gateway Drive #64
Tel:  650-735-5277
Mob: 541-840-2798

Attorney for Plaintiffs
CRS Recovery, Inc. and Dale Mayberry

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRS Recovery, Inc.,  a Virginia Corporation, and DALE MAYBERRY<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN LAXTON, aka johnlaxton@gmail.com, NORTH BAY REAL ESTATE, INC., TIGER-CDM, BARNALI KALITA, aka barnali.kalita@gmail.com, LI QIANG, aka JONATHAN LEE aka nameowner@yahoo.com, RL.COM, MAT.NET, BULK REGISTER, WILD WEST DOMAINS, dba DOMAINCITY.COM, and DOES 1 – 20,<br><br>Defendants. | Case No.: CV 06-07093 CW<br><br>[PROPOSED] FIRST AMENDED COMPLAINT FOR CONSPIRACY TO CONVERT AND CONVERSION; INTENTIONAL INTERFERENCE WITH CONTRACT; UNFAIR BUSINESS PRACTICES (REQUEST FOR CONSTRUCTIVE TRUST), AND DECLARATORY RELIEF |

For its complaint against defendants, plaintiff CRS Recovery Services ("CRS") alleges as follows:

**THE PARTIES**

1.        Dale Mayberry ("Mayberry") is an individual, the original owner of RL.Com and MAT.Net, and a citizen of Alexandria, Virginia.

2.        CRS Recovery Services, Inc. ("CRS") is a corporation organized under the laws of Virginia, a citizen of Virginia with a primary business address of 2141 Wisconsin Ave., NW Suite C2, Washington, DC 20007.  Plaintiff is the assignee for consideration of the rights to recover RL.Com and MAT.Net and damages associated with the loss of their profitable use, and files this action standing in the shoes of Mayberry.

3.         John Laxton ("Laxton") is a citizen of California with a principal address of P.O. Box 11777, Santa Rosa, CA  95406.  Laxton's email address, according to the domain nameregistration, is "johnlaxton@gmail.com."  Laxton acquired control over the RL.COM domain name in commerce in violation of plaintiffs' rights, and is holding the same in violation of law under the name of Northbay Real Estate, Inc. ("NREI"), a California corporation, a California citizen, and the current Registrant of RL.Com.

4.         Li Qiang, aka Jonathan Lee, aka nameowner@yahoo.com is the current registrant of MAT.Net, and on information and belief, is a citizen of Estonia.

5.         BIZCN.Com and Bulk Register are domain name registrars that currently hold the registration on the domains RL.Com and MAT.Net.

6.         Does 1 – 5 are persons or entities using the following identities: TIGER-CDM, nameowner@yahoo.com, Barnali Kalita, and barnali.kalita@gmail.com in the course of committing the unlawful acts alleged herein.  Barnali Kalita, on information and belief, is a citizen of India.  Does 1 -5 are believed to be in control of MAT.Net at the present time.

7.         Does 6 – 20, being the alter egos, agents, principals, and co-conspirators of the named defendants have used, trafficked in, and otherwise culpably participated in the scheme to defraud, convert and extract unlawful profits from the acts alleged herein.   Their names not being specifically known, they are alleged fictitiously with intent to later amend to allege their true names, when they become known to plaintiffs.

                                                   **FACTS**

8.         Internet domain names are personal property.  Two-letter Internet domain names are relatively rare, simply from a numerical standpoint, and accordingly enjoy higher valuations in the active secondary market for Internet domain names.  There are only six-hundred and seventy-six (676) two-letter dot-com Internet domain names, whereas there are seventeen-thousand, five-hundred and seventy-six (17,576) three-letter dot-coms.  Since the total number of domains is functionally infinite, and two-letter domains are extremely easy to remember, they

partake of inherently high valuations,[1] which make them ideal targets for Internet domain thieves.

9.          Plaintiffs seek to recover two stolen Internet domain names: RL.Com and MAT.Net.  The theft of both domain names was accomplished by the same party or parties assuming various identities in a single course of unlawful conduct engaged in for the purpose of gaining unlawful control over the domains RL.Com and MAT.Net.  In an unusual twist on the domain-theft scenario, the domain thieves first stole MAT.Net, and then used control of that domain to steal RL.Com.  The RL.Com domain is worth $400,000.  The MAT.Net domain is worth $25,000.

10.          RL.Com was originally registered on July 23, 1995 by Dale Mayberry ("Mayberry") through Network Solutions, Inc. ("NSI").[2]  NSI secured Mayberry's control of the URL through his use of dale@MAT.Net, an email address hosted through MAT.Net.   The technical functioning of email gives the owner of an Internet domain name like MAT.Net control over the operation of every email address hosted through the domain.  Mayberry was the registrant of MAT.Net prior to the events alleged below.

11.          Prior to December 19, 2003, the registration for MAT.Net had been held by Mayberry in the name of Micro Access Technologies, Inc. in a domain name registration account at NSI.  On or about December 19, 2003, Mayberry's efforts to renew the registration of MAT.Net during the standard renewal period were unaccountably denied, and registration of MAT.Net was shifted against his will to Beijing Sinonets Network & Telcom Co., Ltd., an entity listing a street address in "Beijing, Beijing" on the domain registration database.  The use of addresses in Asian nations is a favorite ruse of domain thieves located in the United States, who thus conceal their identities, deflect scrutiny, and deter legal action against their persons, with the intent to frustrate recovery of stolen domains.  Once in control of MAT.Net, the domain thieves transferred it to the registrar BIZCN.COM, registering it in the name of Domain City, with a

---

[1] "Two-character domain names are exceptionally valuable."  How is the value of domain names affected by number of keywords and length? by E. Pasqualetti and A. Van Couvering.  <http://www.domainsbot.com/labs/stats-keywords.aspx>
[2] NSI is a wholly-owned subsidiary of VeriSign Corporation.

contact email of nameowner@yahoo.com.  The email address of nameowner@yahoo.com has been utilized previously in the theft of other domain names.

12.          On a date presently unknown, between November 18, 2003 and January 16, 2004, the domain thieves used their control over MAT.Net and their control over the subordinate email address dale@MAT.Net, to transfer the registration of RL.Com, from Mayberry's NSI account to BIZCN.COM, Inc.  This transfer was accomplished through fraud and in bad faith, without Mayberry's knowledge or permission, using the hijacked email address dale@MAT.Net to falsely impersonate Mayberry's authority to transfer the domain from one registrar to another. To avoid raising suspicion, the domain thieves nominally continued the registration in the name of Dale Mayberry, since a single-registrant's shift of a domain from one registrar to another raises no "red flags" and is more easily accomplished.  However, once RL.Com had been transferred to BIZCN.COM, Mayberry had no control of RL.Com, because the defendants changed the email address associated with the registrant to mayberrydale@yahoo.com, an email address that was not created or controlled by Dale Mayberry, but rather by the thieves who had stolen RL.Com.

13.          A series of changes in registration then followed, all without Mayberry's authority or knowledge.  On or about February 3, 2004, RL.Com was transferred to a new Registrar called Directi.Com, and the registrant was changed "Tiger – CDM," listing a street address in Bangalore, Karnataka (India).  On or about July 10, 2004, RL.Com was transferred to "Enable Communications," also listing a street address in Bangalore.  On or about November 7, 2004, RL.Com was transferred to a new registrant, "Barnali Kalita," also listing a street address in Bangalore.

14.          In May, 2005, Barnali Kalita transferred RL.Com to Laxton.  Mayberry has made a formal written demand that Laxton return the registration of RL.Com, but Laxton has refused to comply with the demand.

15.          In July, 2005, Mayberry transferred all of his right, title and interest in RL.Com to CRS for valuable consideration.  In the same transaction, Mayberry transferred to CRS the right

to recover MAT.Net, upon the understanding that, when CRS recovered MAT.Net, CRS would transfer the registration back to Mayberry.

### SUBJECT MATTER JURISDICTION

16.     The parties are diverse, and the amount in controversy is $425,000.  Thus, this Court has jurisdiction over the action pursuant to 28 U.S.C. §1332.

### VENUE

17.     Venue is proper in this district under and 28 U.S.C. § 1391(b)(2) because NREI is a California corporation, because Laxton resides in the District, and because Verisign, Inc. ("Verisign"), the registry for all domain names ending in ".com," ".net" and ".org,"[3]  is domiciled in Mountain View, California.

### INTRADISTRICT ASSIGNMENT

18.     For the purposes of Local Rule 3-2(c), this action arises in San Jose, where a substantial part of the events or omissions which give rise to the claims alleged herein occurred and in which a substantial part of the property that is the subject of this action is located.

### FIRST CLAIM FOR RELIEF

### Conversion And Conspiracy To Convert Internet Domain Names

### (All Defendants)

19.     The defendants, individually and in concert, conspired to convert and converted RL.Com and MAT.Net from the use and possession of Mayberry, the rightful owner, to their own use and possession, by a series of criminal acts constituting a single course of unlawful conduct, as follows:

      a.   Intending to defraud, they subverted the NSI renewal process, frustrated Mayberry's efforts to renew the registration of MAT.Net, and took the registration for themselves, thus gaining control over MAT.Net with the intent to use it as an instrumentality for domain theft.

---

[3] There are many domain name registrars like NSI, that are empowered to register domains.  However, there is only one registry, and Verisign is that registry for domain names in the original .com, .net and .org "top level domains." Thus, Verisign has final control over the disposition of all Internet domains that end in .com, net, or .org, regardless of what registrar holds the registration.

b. Intending to defraud, the defendants unlawfuly used their control over MAT.Net to forge email communications representing to be from dale@MAT.Net, thus publishing a forgery by phone in violation of Cal. Penal Code § 474.

c. The defendants utilized dale@MAT.Net to falsely personate Mayberry, and in such assumed character, directed the transfer of RL.Com to BIZCN.COM, thus committing the crime of False Personation, a violation of Cal. Penal Code § 530.

d. The defendants used the email address mayberrydale@yahoo.com to fraudulently alter the registration records in the WHOIS database[4] so that it falsely recorded TIGER-CDM as the registrant of RL.Com, thus violating Cal. Penal Code § 470(c), that makes it criminal to "falsify any record of any … instrument, the record of which is by law evidence."

e. The defendants committed subsequent transfers of RL.Com without lawful authority, baldly usurping the true owner's rights, thus engaging in the bad faith trafficking in domain names made unlawful by the Anti-Cybersquatting Protection Act.

20.     Each of the defendants who participated in the theft of MAT.Net and RL.Com, and the subsequent transfers lacked any lawful title to the two Internet domains, and thus their efforts to transfer registrations thereof were void, invalid *ab initio*, and subject to reversal by judicial order.

21.     Laxton has operated RL.Com profitably, and is currently steering Internet visitors to the RL.Com website to various advertisers.  Laxton's profits are the fruits of unlawful conduct, subject to discovery and disgorgement.

22.     Mayberry suffered damages in excess of $425,000 due to the loss of RL.Com and MAT.Com.

23.     CRS stands in Mayberry's shoes pursuant to a written assignment to recover possession of RL.Com and MAT.Com, and to recover pecuniary damages suffered by Mayberry.

---

[4] The WHOIS database records the registration of all Internet domains, providing legal evidence of ownership.

**24.**         For the deprivation of the use and possession of RL.Com and MAT.Net, plaintiffs lack any remedy at law.

**SECOND CLAIM FOR RELIEF**

**Intentional Interference With Contract**

**(All Defendants)**

25.         Plaintiffs reallege and incorporate each and every allegation contained herein as if fully set forth hereat.

26.         Mayberry entered into registration contracts with NSI to provide domain name registration services for RL.Com and MAT.Net.  The contracts provided that only Mayberry would be permitted to change the registration specifications with regard to said Internet domains.

27.         The defendants, and each of them, intentionally interfered with NSI's performance of the contracts, by misrepresenting themselves as Mayberry, and other wrongful acts alleged above.

28.         Due to the intentional interference with the contracts above alleged, Mayberry suffered the complete loss of control over the Internet domains above alleged.

29.         Due to the above alleged acts of defendants interfering with the registration contracts, Mayberry was damaged in an amount in excess of $425,000.

30.         CRS stands in Mayberry's shoes pursuant to a written assignment to recover possession of RL.Com and MAT.Com, and to recover pecuniary damages suffered by Mayberry.

**THIRD CLAIM FOR RELIEF**

**Unfair Competition in Violation of Cal. Business & Professions Code § 17200**

**Request For Constructive Trust**

**(All Defendants)**

31.         Plaintiffs reallege and incorporate each and every allegation contained herein as if fully set forth hereat.

32.         Plaintiffs bring this action under Cal. Bus. & Prof. Code §§ 17203 and 17204 to end the false advertising and unfair competitive practices of the defendants.

33.          The defendants' actions above-alleged, to wit, the theft by means of forgery and subterfuge of the RL.Com and MAT.Net domains, and the business goodwill and revenue flowing therefrom, are in violation of the law and policy of the State of California, and are inimical to the rights and interests of the general public.  Unless enjoined and restrained by an order of this Court, defendants, who are engaged in a continuing course of conduct, will continue to engage in the unlawful action and practices and courses of conduct set out below.

34.          As above alleged, the defendants committed a series of criminal acts, constituting violations of California Penal Code ("CPC") § 470(b)(Forgery), CPC § 474 (Forgery by telephone or telegraph), CPC § 530 (False personation), and CPC § 470(c)(Falsification of official record).  These unethical, criminal and immoral acts were committed in order to effect the theft of personal property of plaintiffs, to wit, the domains RL.Com and MAT.Net.

35.          Defendants have engaged in actions violative of the laws, policies, business norms and ethics of the State of California by committing the following unlawful acts: (1) Misrepresenting their authority to dispose of the property of another; (2) Aiding in the sale and disposition of criminally-acquired assets, (3) Aiding, abetting and profiting from the commission of felonious acts.

36.          Defendants have acquired wrongfully gained assets, which they refuse to release despite demand being made therefor.  Defendants have been unjustly enriched by their acts of unfair competition and false advertising.  Assets held by the defendants, including the RL.Com and MAT.Net domains and funds generated by use of said assets, are traceable to the wrongful conduct of the defendants, and thus should be subjected to a constructive trust.

37.          The domain MAT.Net is currently being offered for sale; which sale should be prevented by the imposition of constructive trust on any transfer of the domain.  Likewise, the transfer of RL.Com should be prevented by imposition of a constructive trust to prevent frustration of the Court's authority over the property subject to recovery herein.

38.          The acts of defendants, if not enjoined, will be continued and repeated, further harming plaintiffs and the public at large.

39.          Plaintiff lack any remedy at law for the acts of defendants.

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief Under 28 U.S.C. § 2201

### (Against All Defendants)

40.         Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

41.         An actual controversy exists between the Plaintiff and defendants, in that plaintiffs claim the following as their sole and exclusive rights:

      a.   The right to control the identity of the Registrant, Administrative Contact and Technical Contact for the RL.COM and MAT.Net domains in the worldwide Whois database,

      b.   The right to reverse the effect of fraudulent transfers effected by identity theft and the use of forged documents of transfer,

      c.   The right to obtain return of property wrongfully held, to wit, the RL.Com and MAT.Net domains, and

      d.   The right to recover all funds wrongfully obtained by the defendants by the usurpation of plaintiffs' rights alleged as above in subparagraphs "a – d."

42.         Defendants deny that plaintiffs have such rights.

43.         Wherefore, a declaration of the rights of the respective parties is merited.

### NOTICE TO CURRENT REGISTRAR OF THE URL

44.         Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this action and the application for injunctive relief has been sent to BulkRegister, LLC at the postal and email address or BulkRegister, LLC, 10 East Baltimore St., 10th Floor, Baltimore, MD 21202 (email: udrp@bulkregister.com) with respect to the disposition of RL.Com.  Notice is being sent to Verisign at 487 East Middlefield Road, Mountain View, California 94043.  CRS is providing such notice contemporaneously with the filing of this complaint. CRS will promptly publish notice of this action as the court may direct after filing of this Complaint, Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for judgment against defendants as follows:

1.       ON THE FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS:

    a.   For an order of replevin directing to plaintiffs the return of all converted personal property to the rightful owners;

    b.   For an order directing the transfer to plaintiff the registration for RL.Com from Northbay Real Estate, Inc., John Laxton, or any other wrongful registrant, whoever they may be;

    c.   For an order directing the transfer to Dale Mayberry the registration for MAT.Net from Li Qiang, or any other wrongful registrant, whoever they may be;

    d.   For actual damages for lost use of the domains according to proof;

    e.   For plaintiffs' reasonable attorneys fees incurred in prosecution of this action;

2.       ON THE SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS,

    a.   For damages for lost use of the domains and lost business opportunities, according to proof;

    b.   For plaintiffs' reasonable attorneys fees incurred in the prosecution of this action;

3.       ON THE THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS,

    a.   For an order declaring the conduct of defendants, and each of them, unfair business practices, and declaring all assets and commercial advantages gained thereby to be the fruit of unlawful acts, subject to disgorgement;

    b.   For an order directing the transfer to plaintiff the registration for RL.Com from Northbay Real Estate, Inc., John Laxton, or any other wrongful registrant, whoever they may be;

    c.   For an order directing the transfer to Dale Mayberry the registration for MAT.Net from Li Qiang, or any other wrongful registrant, whoever they may be;

    d.   Finding that defendants have engaged in unfair competition and false advertising;

    e.   Enjoining defendants, their respective agents, directors, employees, successors and assigns, and all persons acting in concert with defendants, during the

pendency of this action and permanently, from directly or indirectly engaging in any further such wrongful acts;

f.   Directing defendants to account for all gains, profits and advantages derived from acts resulting in their unjust enrichment at plaintiffs' expense;

g.   Directing defendants to disgorge all gains, profits and advantages derived from acts resulting their unjust enrichment at plaintiffs' expense;

h.   Directing all gains, profits and advantages derived by defendants from violations of law resulting in their unjust enrichment to be held in constructive trust for the benefit of plaintiffs;

4.   ON THE FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS, for a declaration that plaintiffs have the following rights, and that defendants' contrary claims are dismissed:

a.   The right to control the identity of the Registrant, Administrative Contact and Technical Contact for the RL.COM and MAT.Net domains in the worldwide Whois database;

b.   The right to reverse the effect of fraudulent transfers effected by identity theft and the use of forged documents of transfer;

c.   The right to obtain return of property wrongfully held, to wit, the RL.Com and MAT.Net domains; and

d.   The right to recover all funds wrongfully obtained by the defendants by the usurpation of plaintiffs' rights alleged as above in subparagraphs "a – d."

5.      ON ALL CLAIMS FOR RELIEF, for orders

    a.    Entering Judgment against defendants for plaintiffs' costs, attorneys' fees and,

    b.    For such other and further relief as the Court deems to be just and equitable.

Dated: March 17, 2007              ONLINE MEDIA LAW, PLLC
                                      By: s/Charles Carreon/s
                                      CHARLES CARREON (127139)
                                      Attorney for Plaintiffs
                                      CRS Recovery, Inc. and Dale Mayberry

C:\Drive2\Documents and Settings\Charles\My Documents\CRSRECOVERY\PRETRIALMOTIONS\FAC.DOC

1

**DEMAND FOR JURY TRIAL**

2    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims

3    properly presentable to a jury for determination.

4

5    Dated:  March 17, 2007                    ONLINE MEDIA LAW, PLLC
                                              By: s/Charles Carreon/s
6                                             CHARLES CARREON (127139)
                                              Attorney for Plaintiffs
7                                             CRS Recovery, Inc. and Dale Mayberry

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28