IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRS Recovery, Inc., a Virginia Corporation, and DALE MAYBERRY,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN LAXTON, aka johnlaxton@gmail.com, <u>et al.</u><br><br>    Defendants.<br>_____/ | No. C 06-07093 CW<br><br>ORDER DENYING AS MOOT PLAINTIFFS' MOTION FOR LEAVE TO PROCEED <u>IN REM</u> (DOCKET NO. 9) AND DEFENDANTS' MOTION TO DISMISS (DOCKET NO. 12) |

    Plaintiffs CRS Recovery, Inc. and Dale Mayberry move, pursuant to 15 U.S.C. § 1125(d)(2)(A), for leave to proceed <u>in rem</u> against the Internet domain name RL.com. They also move, pursuant to Federal Rule of Civil Procedure 55(b), for an order entering a default judgment against Defendants John Laxton and Northbay Real Estate, Inc. (NRE). Defendants Laxton and NRE oppose the motion and separately move for an order dismissing the Complaint. Plaintiffs oppose the motion to dismiss. The matter was decided on the papers. The Court DENIES both motions as moot.

BACKGROUND

    This case involves the alleged theft of two internet domain names from Mayberry. On July 23, 1995, Mayberry registered the domain name RL.com through Network Solutions, Inc. (NSI). First Amended Complaint (FAC) ¶ 10. NSI secured Mayberry's control of

the URL through his e-mail address, dale@MAT.net.  Id.  At that time, Mayberry was also the registrant of MAT.net.  Id.

On December 19, 2003, Mayberry's attempt to renew the registration for MAT.net was denied, and its registration shifted to Beijing Sinonets Network & Telecom Co., Ltd.  FAC ¶ 11.  MAT.net was then transferred to BIZCN.com.  Id.  Between November 18, 2003 and January 16, 2004, the new registrants used their control of MAT.net and the subordinate email address dale@MAT.net to transfer the registration of RL.com from Mayberry's NSI account to BIZCN.com.  FAC ¶ 12.  Mayberry asserts that the new registrants falsely impersonated him to complete the transfer.  Id.  Mayberry subsequently lost control over the domain name RL.com.  Id.

A series of changes in RL.com's registration ensued, culminating with its transfer to Laxton in May, 2005.  FAC ¶ 13-14.  In July, 2005, Mayberry transferred his right, title and interest in RL.com to CRS for valuable consideration.  FAC ¶ 15.  This transfer included an understanding that CRS would transfer the registration of RL.com back to Mayberry upon recovery.  Id.

Laxton is the sole shareholder of NRE.  Laxton Declaration ¶ 1.  NRE owns and operates RL.com as part of its business operations.  Laxton Declaration ¶ 6.  On May 6, 2005, Laxton paid a significant sum for the purchase of the RL.com domain name.  Laxton Declaration ¶ 5.  He asserts that the purchase was an honest transaction, and that he checked for domain name disputes with the World Intellectual Property Organization (WIPO) before purchasing RL.com.  Id.  He did not discover any disputes.  Id.

On November 15, 2006, Plaintiffs filed their Complaint.  The

2

fifth claim for relief requested leave to proceed <u>in rem</u> against the domain name RL.com. After unsuccessful attempts to serve Defendants personally, Plaintiffs' counsel mailed copies of the summons and complaint to North Bay Real Estate, Inc.'s P.O. Box and to Laxton's P.O. Box.[1] On January 26, 2007, Plaintiffs filed a motion to proceed <u>in rem</u> and have default judgment entered on the fifth claim. That same day, NRE and Laxton's counsel contacted Plaintiff's counsel, stating that Defendants had just retained him and that he needed an extension of time to review the case and file a responsive pleading. On February 15, 2007, Defendants Laxton and NRE moved to dismiss the Complaint. On March 17, 2007, Plaintiffs filed their opposition to the motion to dismiss, along with a "proposed" FAC.

The FAC asserts four claims for relief: (1) conversion and conspiracy to convert internet domain names from Mayberry; (2) intentional interference with contracts between Mayberry and NSI; (3) unfair competition in violation of California Business & Professions Code § 17200; and (4) declaratory relief under 28 U.S.C. § 2201. FAC ¶ 19-43. The fifth claim for relief for leave to proceed <u>in rem</u> against the domain name RL.com is not included in the FAC.

DISCUSSION

I. Motion to Dismiss

Fed. R. Civ. P. 15(a) provides that "[a] party may amend the

---

[1] North Bay Real Estate, Inc. is not the same entity as Defendant Northbay Real Estate, Inc., and is not a party in this case.

3

party's pleading once as a matter of course at any time before a responsive pleading is served." Defendants have not filed a responsive pleading in this action. See Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) (a motion to dismiss is not a "pleading" within the meaning of Rule 15). Therefore, Plaintiffs need not seek leave to file their FAC. Because Plaintiffs have amended their Complaint, Defendants' motion to dismiss the original Complaint is DENIED as moot.

II. Motion to Enter Default on Fifth Claim for Relief

Because the fifth claim for relief is no longer at issue, the motion for leave to proceed in rem against the Internet domain name RL.com and to enter default judgment against Defendants Laxton and NRE is DENIED as moot.

Although it appears that Laxton and NRE were not served properly, their counsel has offered to accept service on their behalf. See Declaration of Val D. Hornstein in support of Defendants' opposition to Plaintiffs' motion. Defendants must file an answer or Rule 12(b)(6) motion within thirty days from the date of this order. The case management conference scheduled for May 4, 2007 is continued until June 12, 2007, at 2:00 p.m. If Defendants file a motion to dismiss, the hearing on that motion shall be noticed for that same day.

IT IS SO ORDERED.

Dated: 3/28/07

_____
CLAUDIA WILKEN
United States District Judge

4