CHARLES CARREON (127139)
Online Media Law, PLLC
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Attorney for plaintiffs
CRS Recovery, Inc. and
Dale Mayberry

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRS Recovery, Inc., a Virginia Corporation, and Dale Mayberry, | Case No.: CV 06-07093 CW |
| Plaintiffs, | DECLARATION OF DALE MAYBERRY IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION |
| vs. | Date: July 31, 2008 |
| John Laxton, and Northbay Real Estate, Inc., *et al.*. | Time: 2:00 p.m. |
| Defendants. | Trial Date: October 20, 2008 |
| | CMC Date: July 31, 2008 |
| | Judge: Hon. Claudia Wilken |

_____

AND RELATED CROSS-CLAIMS

_____


## DECLARATION OF DALE MAYBERRY

Dale Mayberry declares and states as follows:

1. I am a plaintiff in this action, and make this declaration to establish facts supporting the Motion for Summary Adjudication of CRS Recovery, Inc. ("CRS"). If called as a witness, I could and would so competently testify.

2. On July 23, 1995, I registered RL.Com, the first person ever to do so. I registered RL.Com on July 23, 1995. I chose the domain name because it was an acronym for "Real Life," a term used in online gaming to describe a gamer's role in the "real world," because at that time, I was active in online game-playing. I considered RL.Com to be

my valuable personal property, that I could keep or sell according to my own intentions. I also registered another domain, MAT.Net, as an acronym for a company named Micro Access Technologies, Inc.  These are the only two domains I have ever owned.

3. I registered and maintained the registrations for RL.Com and MAT.Net through the registrar Network Solutions, Inc. ("NSI").

4. I have been involved with computers since my youth growing up in the Washington D.C. Area.  From 1999 until sometime in 2001, I owned and operated a company called Micro Access Technologies, Inc., providing Internet access and email service to users in the Washington D.C. Area.  As noted above, I used the acronym for the company name to operate the business website at MAT.Net.  Micro Access Technologies, Inc. ceased operations in or about 2001; however, I maintained the registration on the MAT.Net domain through NSI.  I have read the Declaration of Network Solutions, LLC signed by Natalie M. Sterling (the "NSI Declaration"), and have reviewed what NSI identifies as its business records in Attachments "B," "C," and "D."  I have educational and technical experience sufficient to enable me to understand the events and circumstances described in these records.  When I refer to NSI's business records in this declaration, I use NSI's own page-numbering system.  When I refer to an "Exhibit" in this declaration, I am referring to the exhibits to the declaration of Charles Carreon, which I have confirmed to be accurate copies of the documents to which I refer.

5. To maintain the domain name registrations, I had to pay yearly registration fees, which can be paid several years in advance, or on a yearly basis.  Additionally, a domain name registrant must provide a contact email address to the registrar.  Since I owned MAT.Net, I made dale@mat.net my contact email as the Registrant of both MAT.Net and RL.Com. For a website or email to function for a domain, it requires a service called "DNS

hosting," an acronym for "Domain Name Server hosting," that assigns the domain a computer server to call its "host" on the Internet, where all of the other computer servers can find it.  Throughout 2003, I hosted the domain MAT.Net through NSI's hosting service, thus  my email service for dale@mat.net was provided by through NSI, my registrar.

6.  On July 23, 2002 I renewed the registration of RL.Com for three years, and NSI confirmed a new expiration date of July 24, 2005.  The documentation for that is reflected on page 40, and 44 – 47 of NSI Att. "C," that show I paid $69.99 on July 23, 2002, using a credit card in the name of my wife Lorrie A. Mayberry.  Page 40 of Att. "C" accurately records the name of my company, my P.O. Box, telephone and fax number during that time period, and pages 44 – 47 of Att. "C" accurately record our home address.

7.  Sometime at the end of 2003, I attempted to pay the renewal registration fees for MAT.Net; however, I was unable to do so.  This problem did not immediately signal any possible problems with RL.Com, which was registered through July 24, 2005, as stated above.

8.  I renewed MAT.Net on a yearly basis.  In 2003, I recall that I attempted to renew the domain, but was unable to do so.  Reviewing the NSI records regarding MAT.Net, I can identify unauthorized changes to the registration records in December 2003, and ultimately, the transfer of the domain from me to an NSI user named Li Qiang.  In particular, on page 5 of NSI Att. "B," the records recording the identity of the registrant for MAT.Net on December 19, 2003 have been altered, replacing my telephone and fax numbers with "999-999-9999," and leaving the remainder of the contact information

accurately indicating the registrant as Micro Access Technologies, Inc., P.O. Box 30752, Alexandria, VA 22310.  This change obliterated my true contact information, and would obviously have prevented NSI from contacting me by phone or fax. Additionally, I see that I lost control of my email address dale@mat.net on this same date, because as page 2 of NSI Att. "D" records, DNS hosting for MAT.Net through NSI was "deleted" on December 19, 2003 and transferred to the DNS servers NS1.BIM.COM and NS2.BIM.COM.   (NSI Declaration, ¶ 12.)   Then again, on that same date, the registrant for MAT.Net was changed to Li Qiang, with a contact email of lee@bim.com, and telephone and fax numbers that start with my home area code (703), and are otherwise comprised of a string of bogus numbers, *i.e.*,  (703) 555-5555 .   (NSI Declaration, ¶ 11.)

9.  I never requested that MAT.Net or any other domain be hosted at NS1.BIM.COM or NS2.BIM.COM.  Although I was unaware of the change at the time, I see now that once hosting was changed from NSI, I was unable to send or receive emails using dale@mat.net.  This is consistent with my recollection that I received no emails from NSI at dale@mat.net during December 2003.  According to the NSI records, from December 19, 2003 forward, the person able to send and receive emails using dale@mat.net was Li Qiang, because as the domain registrant in control of hosting, he controlled *all* email addresses ending in "mat.net."

10. On January 23, 2003, Li Qiang fraudulently assumed my email identity as the registrant of RL.Com by designating dale@mat.net as the official email address as Li Qiang, NSI User # 17754540, in place of his former email address, lee@bim.com.  (Page 2 of NSI Att. "D.")

11. According to the NSI records, at 2:07:01 a.m. on December 23, 2003, an email was sent from dale@mat.net to initiate a transfer request for RL.Com from myself to Li Qiang. (Page 5 of NSI Att. "C.")

12. Before receiving the NSI Declaration and Attachments, I had never seen the email addressed to my name, and recorded on page 8 of NSI Att. "C," (the "Authorization Email"):

"Dear Dale Mayberry,
We recently received a request to transfer the following domain name(s) from you:
RL.COM
To: Li Qiang
Date of the original request:  December 23, 2003 2:07:01 AM EST
Upon completion of the transfer, the registrant for the domain names(s) identified above will be Li Qiang.
However, for security reasons, we must have your authorization before we can complete the processing.  If this is a valid request and you wish to approve this transfer, please access the secure Web page at https://registrar-transfers.com/...[1] or paste the URL into your browser.  Then follow the instructions to authorize the domain name registration transfer for the domain names(s).
If you don't respond within 15 days from the date of the original request shown above, the request will be canceled.
If you have any questions or need assistance, please e-mail us at customersservice@networksolutions.com.  Or call to speak to Customer Service at 1-888-642 or +1-703-742-0914 outside the United States and Canada.
Network Solutions is committed to delivering high quality services to meet your online needs. We hope to have another opportunity to serve you in the future.
Sincerely,
Network Solutions Customer Support"

13. If I had seen NSI's Authorization Email, I would not have authorized the transfer request, and would have actively denied it.

14. However, instead of being received by me, the email was received by Li Qiang, who authorized it 54 seconds later, at 2:07:55 a.m., using the dale@mat.net email address as

---

[1]This hyperlink has been abbreviated.

his user identifier.  From that time forward, I have not had possession or control of RL.Com.  (NSI Att. "C," page 5.)

15. I discovered that RL.Com had been hijacked was not registered to me anymore sometime on or about January 19, 2004, when a third party notified me that RL.Com was no longer registered to my name.  I contacted NSI, which disclaimed responsibility.  I contacted the Chinese registrar where RL.Com was then registered, but its personnel cut off communications after I explained who I was.  On one occasion, I became aware that an auction website was offering RL.Com for auction, and I contacted them to complain that I was the true owner and no one else had the right to auction it; however, I received no reply.  I was contacted by various persons inquiring about RL.Com after the hijacking. One of them was Richard Lau, whose expertise and interest in my problem lead to an agreement between us.

16. I entered into the assignment agreement with Richard Lau identified as pages 3 – 5 of Exhibit 1, by which I transferred all rights to own and be the registrant of the RL.Com domain in exchange for (1) monetary consideration, and (2) the return to me personally of MAT.Net.  With my informed agreement, the rights and duties of the assignment were transferred to CRS, that has now fully performed the terms of the assignment, as I have formally confirmed by signing the Confirmation of Contract Performance and Unqualified Assignment of Rights identified as pages 1 and 2 to Exhibit 1.  Accordingly, all rights vested in me based on my ownership and registration of RL.Com have been transferred to CRS without reservation.

17. After the assignment of the rights to RL.Com to CRS, acting in conformity with the assignment agreement, attorney Steve Lieberman sent the letter identified as Exhibit 3 to

John Laxton, demanding return of RL.Com. John Laxton did not respond to this letter, and accordingly this suit was filed.

18. None of the transfers of RL.Com to Li Qiang and each of the successive registrants who have controlled the domain pursuant to his line of title were made with my knowledge or consent.  I was never contacted for approval regarding the transfers from Li Qiang to Barnali Kalita, from Barnali Kalita to John Laxton, or from John Laxton  to Northbay Real Estate, Inc., and I have received no consideration from any of the payments they have made between or among each other.  Accordingly, I would respectfully request the Court to legally invalidate all of those transfers.

19. My only voluntary transfer of RL.Com has been to Richard Lau and CRS.

20. Accordingly, I request the Court to invalidate all involuntary transfers of the RL.Com domain, to give immediate effect to my right to ownership and possession of RL.Com, and to further give effect to my assignment of rights to the domain, by transferring the lawful ownership and possession of RL.Com to CRS Recovery, Inc.

I hereby declare, pursuant to the provisions of 28 U.S.C. § 1746 (2), under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Alexandria, Virginia on June 23, 2008

_____s/Dale Mayberry/s_____
Dale Mayberry, Declarant

I hereby attest that I have secured and will keep on file the holograph signature corresponding to the above conformed signature denoted by the symbol (s/.../s) in the above efiled document.

Dated:  June 24, 2008                    ONLINE MEDIA LAW, PLLC
                                         By: s/Charles Carreon/s
                                         CHARLES CARREON (127139)
                                         Attorney for plaintiffs
                                         CRS Recovery, Inc. and Dale Mayberry