UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRS RECOVERY, INC., *et al.*, | No. C-06-7093 CW (EMC) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS; DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER; AND VACATING HEARING AND BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR ORDER DEEMING SPECIFIED RFA'S ADMITTED** |
| v. | |
| JOHN LAXTON, *et al.*, | |
| Defendants. | |
| _____/ | |
| | **(Docket Nos. 80, 111, 113)** |

On July 23, 2008, the Court held a hearing on Plaintiffs' motion for discovery sanctions and Defendant's motion for protective order. At the hearing, the Court **DENIED** both motions. The Court also **VACATED** the hearing for Plaintiffs' motion for an order deeming specified RFA's admitted. This order memorializes the Court's rulings and further provides the basis for its rulings.

## I. DISCUSSION

A. <u>Plaintiff's Motion for Discovery Sanctions</u>

Plaintiffs have moved for evidentiary and monetary sanctions. That motion is denied. In their opening brief, Plaintiffs invoked only Federal Rule of Civil Procedure 37 as a basis for sanctions. But, under that rule, evidentiary sanctions may be issued only when, *e.g.*:

(1) a party fails to obey a discovery order, *see* Fed. R. Civ. P. 37(b)(2);

(2) a party fails to provide information as required by Rule 26(a) or (e), *see* Fed. R. Civ. P. 37(c)(1);

(3) a party fails to appear for deposition. *See* Fed. R. Civ. P. 37(d)(e).

None of the situations above apply in the instant case.

Similarly, Rule 37 does not provide for an award of monetary sanctions in a case such as this. If Plaintiffs had moved for an order compelling discovery (*e.g.*, because defense counsel improperly asserted attorney-client privilege) and prevailed, then they could ask for fees pursuant to Rule 37(a)(5); however, Plaintiffs have not filed such a discovery motion and instead have filed a motion for sanctions only.

The Court acknowledges that it has the inherent authority to issue sanctions of the kind sought by Plaintiffs, *see Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (noting that a court may use its inherent power to impose sanctions for discovery abuses that may not be a technical violation of the discovery rules), and that, in their reply brief, Plaintiffs referred to the Court's inherent authority as a basis for sanctions. However, as that point was not raised until the reply brief, the Court shall not consider it. In any event, the Court is not inclined to exercise such power in this instance.

Even if the Court were to consider whether sanctions should be issued pursuant to its inherent authority, it would not award the sanctions sought by Plaintiffs. First, Plaintiffs have failed to provide sufficient evidence of spoliation; the only evidence is that the emails were routinely destroyed. Consequently, an evidentiary sanction is not appropriate. Second, although Mr. Laxton improperly refused to answer at least some questions at the deposition,[1] Plaintiffs have not

---

[1] Mr. Laxton's attorney improperly claimed attorney-client privilege with respect to the question "Why do you think Barnali Kalita was the true owner [of RL.com]?" Laxton Depo. at 63; *see also id.* at 58-59 (asserting the privilege with respect to the question "Is there anything else that you think justifies your belief that Mr. Kalita was the true owner of RL.Com and had the right to transfer it to you?").

Similarly, Mr. Laxton's attorney improperly claimed attorney-client privilege with respect to the questions "Any facts to support a claim against Mr. Li Qiang, who is the person that got the transfer of the registration of RL.Com from Mayberry?" and "You sued Mr. Qiang, as you already agreed. Why?" *Id.* at 77-78. In addition, Mr. Laxton's attorney improperly instructed Mr. Laxton not to answer what he claimed were argumentative questions and 30(b)(6) questions. *See, e.g.*, *id.* at 40-41, 74 (*e.g.*, "Northbay Real Estate is a phony name; is that correct?"; "[S]o what's the point of having [North Bay Real Estate which has nothing to do with real estate]?"; "There may be other documents that you have not produced that are relevant to RL -- Northbay's registration of RL.Com?").

Finally, Mr. Laxton's counsel improperly prevented Mr. Laxton from answering some questions based on the objection of legal conclusion. *See, e.g.*, *id.* at 57-58 (claiming that questions about affirmative defenses asked for legal conclusions).

2

demonstrated why a sanction less severe than an evidentiary sanction -- *i.e.* ordering Mr. Laxton to answer the questions at a continued deposition -- would not be an adequate remedy. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (noting that, "[b]ecause of their very potency, inherent powers must be exercised with restrain and discretion" and "[a] primary aspect of that discretion is the ability to fashion an *appropriate* sanction for conduct which abuses the judicial process"). Third, even though Mr. Laxton's counsel made some improper objections and it is not clear that Mr. Laxton's medical condition was the real reason for the termination of the deposition, *see* Laxton Depo. at 81 ("I'm feeling really tired. I have a three-hour drive ahead of me. I'm very nervous to be driving in the dark, three hours north, in the rain. I had a family function to go to tonight, but it will be over by the time I get there anyway. So I just would like to redo this, or if you need to ask me some questions at another time, that would be fine."), a sanction more appropriate than a monetary sanction is available, *i.e.*, an order for Mr. Laxton to appear at a continued deposition to answer questions to which there were improper objections and to complete the deposition. The Court also notes that a monetary sanction, particularly in the amount of $6,200, seems unwarranted since it appears that the deposition might have been completed had Plaintiffs' counsel been prepared to start at 9:30 a.m. as noticed.

      Accordingly, the Court denies Plaintiffs' request for evidentiary and monetary sanctions. The Court also denies Defendants' request for fees related to Plaintiffs' motion because not only Plaintiffs but also Defendants failed to engage in a good faith meet and confer.

B.    <u>Motion for Protective Order</u>

      Defendant has asked that the Court bar his deposition from going forward on July 24, 2008. The Court denies the request because the bottom line is that Defendant agreed to have his earlier deposition continued; Plaintiffs should be able to complete the deposition with whatever time is left remaining from the earlier deposition. At the deposition, Plaintiffs may ask questions about events that have taken place since the earlier deposition.

---

In addition to the above, the Court notes that Mr. Laxton's counsel hampered the deposition of Mr. Laxton by, *e.g.*, making long speaking objections and cutting off or interrupting Plaintiffs' counsel.

The Court, however, shall not require Defendant to produce at the July 24 deposition the documents that Plaintiffs asked for in the new notice of deposition. Plaintiffs should not be able to require Defendant to produce documents on a shorter timeline than that provided for by Federal Rule of Procedure 34. *See* 7-30 Moore's Fed. Prac. -- Civ. § 30.22[1] ("If the deponent is a party, the notice may be accompanied or preceded by a request made in compliance with Rule 34 for the production of documents, electronically stored information, and tangible things at the taking of the deposition. The procedure in Rule 34 (rather than Rule 45) applies to the request."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.").

The parties' respective requests for attorney's fees are both denied.

## II. CONCLUSION

For the foregoing reasons, both parties' motions are denied.

In addition, the Court hereby vacates both the hearing and briefing schedule on Plaintiffs' motion for an order deeming specified RFA's admitted. *See* Docket No. 113. The Court orders the parties to meet and confer in good faith and either in person or by telephone to resolve the dispute. A written meet and confer shall not be adequate. If the parties are unable to resolve the dispute, then they may file a joint letter no longer than five single-spaced pages which informs the Court what the specific dispute is and the parties' respective positions on the dispute. The parties should cite in the letter any relevant authority and attach only necessary exhibits.

///
///
///
///
///
///
///
///
///

Finally, the Court orders that the parties are barred from filing any further discovery motions in the case absent leave of the Court. If there is a discovery dispute, then the parties shall use the joint letter process described above. Based on the joint letter, the Court shall either issue a ruling or it may ask for further briefing and/or a hearing. The parties have failed to conduct themselves responsibly and have needlessly proliferated this dispute. In the future, the Court will not hesitate to impose sanctions if it finds conduct not justified.

This order disposes of Docket Nos. 80 and 111.

IT IS SO ORDERED.

Dated: July 25, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge