1

2

3

4

5

6

7                   IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   CRS RECOVERY, INC., a Virginia          No. C 06-7093 CW
     Corporation, and DALE MAYBERRY,
11
               Plaintiffs,                    ORDER DENYING
12                                            DEFENDANTS' MOTION
          v.                                  TO DISQUALIFY
13                                            PLAINTIFFS' COUNSEL
     JOHN LAXTON, aka
14   johnlaxton@gmail.com, et al.,

15             Defendants.

16   _____/

17

18       Defendants John Laxton and Northbay Real Estate, Inc. move to

19   disqualify Charles Carreon as counsel for Plaintiffs CRS Recovery

20   and Dale Mayberry, on the basis that Carreon has acquired an

21   interest in the subject matter of this action, the domain name

22   rl.com.  Plaintiffs oppose the motion.  The matter was heard on

23   September 18, 2008.  Having considered oral argument and all of the

24   papers submitted by the parties, the Court denies the motion.

25                               BACKGROUND

26       In October, 2004, Richard Lau, a principal of Plaintiff CRS

27   Recovery, approached Mayberry about the theft of rl.com from

28   Mayberry.  For $2,500 and a promise to attempt to recover the

**United States District Court**
For the Northern District of California

related domain name mat.net, Mayberry assigned to CRS Recovery all of his rights to rl.com.  Lau subsequently incorporated CRS Recovery[1] and sold one-third of its shares to Anza Silver, Inc., an Oregon corporation whose shares are owned by Carreon and his family.  Carreon thus owns an interest in CRS Recovery and, in turn, an interest in rl.com.  Defendants claim that this violates the California Business & Professions Code and the ABA Model Rules of Professional Conduct.  They also claim that Carreon attempted to conceal his interest in rl.com and thereby violated Civil Local Rule 3-16.

LEGAL STANDARD

Civil Local Rule 11-4 provides, "Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must . . . [b]e familiar with and comply with the standards of professional conduct required of members of the State Bar of California."  Civ. L.R. 11-4(a)(1).  The California Standards of Professional Conduct include the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and decisions of any court applicable thereto.  See Civ. L.R. 11-4 Commentary.

Although violations of the standards of professional conduct may serve as a basis for disqualification under certain circumstances, see United States v. Wunsch, 84 F.3d 1110, 1114 (9th Cir. 1996), "[m]otions to disqualify counsel are strongly disfavored," Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d

---

[1]The record does not reflect the details of CRS Recovery's ownership prior to its incorporation.

2

United States District Court<br>For the Northern District of California

1100, 1103 (N.D. Cal. 2003).  "Because of th[e] potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny," <u>Optyl Eyewear Fashion Int'l Corp. v. Style Cos.</u>, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotation marks omitted), and should be granted only "when of absolute necessity," <u>In re Marvel</u>, 251 B.R. 869 (Bankr. N.D. Cal. 2000), <u>aff'd</u> 265 B.R. 605 (N.D. Cal. 2001).

DISCUSSION

Defendants object that Plaintiffs did not identify Carreon's ownership of Anza Silver in their corporate disclosure statement. They claim that this is a violation of Civil Local Rule 3-16, which requires each party to file a "Certification of Interested Entities or Persons" that discloses "any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known to the party to have . . . a financial interest (of any kind) in the subject matter in controversy."  Civ. L.R. 3-16(b)(1).  Plaintiffs correctly note, however, that the rule does not require that a corporate party identify the shareholders of its shareholders (<u>i.e.</u>, the shareholders of Anza Silver), and doing so would not be feasible in most instances.  Thus, it does not appear that Carreon violated Rule 3-16.  In addition, Plaintiffs have pointed to evidence that, while not conclusive, suggests that Defendants knew, or had reason to know, of Carreon's interest in CRS Recovery at an early stage of the litigation.  The fact that they filed the present motion after the parties had already filed cross-motions for summary judgment suggests that their move to disqualify Carreon

3

United States District Court
For the Northern District of California

1  is strategic in nature.

2     Defendants further claim that, by obtaining an interest in

3  rl.com, Carreon violated California Business & Professions Code

4  § 6129, which provides, "Every attorney who, either directly or

5  indirectly, buys or is interested in buying any evidence of debt or

6  thing in action, with intent to bring suit thereon, is guilty of a

7  misdemeanor."  There is very little case law on § 6129.  The

8  seminal case appears to be Martin v. Freeman, 216 Cal. App. 2d 639

9  (1963).  In Martin, an attorney was assigned a claim in exchange

10  for forgiving a debt owed to him by the assignor.  The court held

11  that discharging a debt already owed does not constitute "buying,"

12  and thus the attorney's conduct did not fall within the scope of

13  the statute.  Martin is not probative of whether Carreon violated

14  § 6129 because it is not disputed that CRS Recovery "bought" its

15  rights to rl.com.

16     Based on the plain language of § 6129, Carreon would not have

17  committed a violation unless he acquired his interest in rl.com

18  with the intent to bring suit upon it.  Carreon claims he lacks any

19  such intent because rl.com was acquired in the first instance, not

20  by him, but by Lau.  But Carreon acquired his interest in CRS

21  Recovery after rl.com had been assigned to it and before this

22  lawsuit was filed.  Thus, it is possible that he intended to bring

23  suit upon rl.com at the time he acquired his interest in it.

24  However, the Court is not in a position to determine Carreon's

25  state of mind, and the question of his criminal liability is more

26  appropriately left to California's criminal justice system.

27     Defendants also argue that Carreon has violated ABA Model Rule

28                                    4

1.8(i), which states, "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may: (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and (2) contract with a client for a reasonable contingent fee in a civil case." Carreon may have violated Model Rule 1.8 by acquiring, albeit indirectly, an interest in rl.com.

California, however, has not adopted the ABA Model Rules. The closest analog to Model Rule 1.8 in the California Rules of Professional Conduct is Rule 3-310(B), which provides, "A member shall not accept or continue representation of a client without providing written disclosure to the client where: . . . (4) The member has or had a legal, business, financial, or professional interest in the subject matter of the representation." It is not clear that Carreon has violated this rule, which is concerned with ensuring that a client is fully informed in the event that his or her attorney has a financial interest that might potentially prevent the attorney from faithfully representing the client's interests. Because Carreon's interest is aligned with CRS Recovery's,[2] the harm the Rule seeks to avoid is not present here. In addition, a violation of the Rule can be avoided by providing disclosure to the client. As a practical matter, CRS Recovery is aware of Carreon's interest in rl.com, in that it is aware that it acquired the rights to rl.com and that a third of its shares are

---

[2]Carreon's client with respect to the rl.com conversion claim is CRS Recovery, the assignee of all of Mayberry's rights to the domain, not Mayberry.

United States District Court
For the Northern District of California

owned by Carreon.

Regardless of whether Carreon has committed an ethical or criminal violation, there is no evidence that his acquisition of an interest in rl.com has impaired his representation of CRS Recovery in this matter. Disqualifying him would not be in Plaintiffs' best interest, and therefore is not warranted. Moreover, the Court has granted summary judgment in Plaintiffs' favor, and thus the litigation has nearly concluded. Disqualifying Carreon at this point would serve no purpose.

CONCLUSION

For the foregoing reasons, Defendants' motion to disqualify Plaintiffs' counsel is DENIED.

IT IS SO ORDERED.

Dated: 9/26/08

_____

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

6