United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRS RECOVERY, INC., a Virginia Corporation, and DALE MAYBERRY,

Plaintiffs,

v.

JOHN LAXTON, aka johnlaxton@gmail.com, et al.,

Defendants.

________________________________________/

No. C 06-7093 CW

ORDER DENYING DEFENDANTS' MOTION FOR A STAY PENDING APPEAL

Defendants John Laxton and Northbay Real Estate move for a stay, pending resolution of their appeal before the Ninth Circuit, of the Court's injunction requiring them to initiate a transfer of the domain name rl.com to Richard Lau, an agent of Plaintiff CRS Recovery. Plaintiffs oppose the motion.

Rule 62(c) of the Federal Rules of Civil Procedure provides, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The standard for granting a stay pending appeal is similar to that for

a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). Thus, a party seeking a stay must show either (1) a likelihood of success on the merits of its appeal and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. See Lands Council v. McNair, 494 F.3d 771, 775 (9th Cir. 2007). "These two alternatives are extremes of a single continuum in which the greater the relative hardship to the party seeking the [stay], the less probability of success must be shown." Id. (internal quotation marks omitted).

When ruling on a motion for a stay of a final judgment, the district court will already have ruled on the legal issue being appealed. When evaluating the movant's likelihood of success on the merits in this context, the court need not conclude that it is likely to be reversed on appeal in order to grant the stay. Strobel v. Morgan Stanley Dean Witter, 2007 WL 1238709, at *1 (S.D. Cal.). Rather, it may grant the stay when it has ruled on "an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844-45 (D.C. Cir. 1977).

No difficult legal questions are presented on Defendants' appeal. This was not a close case. Defendants' position relied primarily on their contention that Virginia law should apply to Plaintiffs' claims. Yet they articulated no specific interest that Virginia would have in applying its law to this case. Under the applicable governmental interest test, it was clear that California law should apply. As for the issue of liability under California

United States District Court
For the Northern District of California

law, Defendants' primary defense was that Plaintiff Mayberry abandoned his right to rl.com. Yet they could point to no clear, unequivocal and decisive act constituting abandonment.

The equities of this case also fail to support a stay. In an earlier order, the Court stated that it was inclined to deny Defendants' motion, but under the condition that Plaintiffs would not be permitted to alienate rl.com pending resolution of Defendants' appeal. Defendants have not identified any specific harm, let alone irreparable harm, they would be likely to face under this arrangement. Although they would prefer that neither party be permitted use of the domain name, they have not demonstrated that Plaintiffs are likely to devalue rl.com, and there is no legitimate reason to eliminate all productive use of the domain name during the pendency of the appeal.

Because Defendants' appeal does not raise serious legal questions, and because the balance of hardships does not tip sharply in Defendants' favor, Defendants' motion for a stay (Docket No. 184) is DENIED. Defendants must comply with the Court's injunction (Docket No. 173) within ten days of the date of this order. If Defendants intend to seek a stay from the Ninth Circuit, they must do so within this period of time. Because Defendants have not submitted any evidence showing that they will be harmed by the transfer of rl.com to Plaintiffs, Plaintiffs are not required to post a bond.

The domain registrar eNom is authorized, pursuant to this order and the injunction, to transfer the registration of rl.com from Northbay Real Estate, Inc. to Richard Lau, and to permit Richard Lau to control the content of rl.com. Once the transfer to

Richard Lau is effected, eNom shall not transfer, suspend or otherwise modify the registration record until resolution of the appeal of this action.

IT IS SO ORDERED.

Dated: _12/9/08__

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California