1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11  CRS RECOVERY INC. and DALE MAYBERRY,        No. 06-07093 CW

12          Plaintiffs,                         ORDER GRANTING
                                                TRUSTEE'S MOTION TO
13      v.                                      SET ASIDE DEFAULT
                                                AND GRANTING
14  JOHN LAXTON, NORTHBAY REAL ESTATE,          PLAINTIFFS' MOTION
    INC., et al.,                               TO SCHEDULE CASE
15                                              MANAGEMENT
            Defendants.                         CONFERENCE
16  _____/   (Docket Nos. 240 and
                                                251)
17

18

19      Linda Green, the Chapter 7 Trustee of the Estate of Defendant

20  Northbay Real Estate, Inc. moves to set aside the Clerk's Entry of

21  Default against Northbay.  Plaintiffs CRS Recovery, Inc. and Dale

22  Mayberry oppose the motion.  Plaintiffs also file an administrative

23  motion to schedule a case management conference.  The matters were

24  submitted on the papers.  Having considered all of the papers filed

25  by the parties, the Court GRANTS the Trustee's motion to set aside

26  the Clerk's Entry of Default and grants Plaintiffs' motion to

27  schedule a case management conference.

28

*United States District Court*
*For the Northern District of California*

BACKGROUND

On April 6, 2010, the Ninth Circuit issued its decision in <u>CRS Recovery v. Laxton</u>, 600 F.3d 1138 (9th Cir. 2010), in which it reversed this Court's grant of summary judgment to Plaintiffs on the issue of ownership of the domain name RL.com, finding that there were disputed issues of material fact about whether the domain name had been transferred by fraud or theft and whether Mayberry had abandoned the domain name before Defendant John Laxton acquired it.  On July 13, 2010, this Court held a case management conference after remand.  At the case management conference, Laxton advised the Court that counsel who represented him and Northbay was withdrawing and he was in the process of securing new counsel.  The Court cautioned Laxton that he could not represent Northbay, because a corporation had to be represented by an attorney.  The Court established a trial date of December 13, 2010, but did not set a date by which new counsel was required to appear.  On July 21, 2010, the Court granted the parties' stipulation to allow the withdrawal of Plaintiffs' attorney.

After the case management conference, Laxton attempted to locate new counsel without success and, in a letter dated September 15, 2010, he advised the Court of his difficulty in obtaining counsel and requested a continuance of the trial date.  On September 20, 2010, the Court denied the request for a continuance and directed Laxton to confer with Plaintiffs' counsel to schedule his deposition for a date no later than October 15, 2010.

On September 29, 2010, Laxton advised Plaintiffs' counsel that he intended to file for personal bankruptcy and, on October 13,

United States District Court

For the Northern District of California

2010, Laxton filed a Chapter 13 bankruptcy petition.  Laxton states that, at that time, he understood that his bankruptcy filing would stay this litigation, including his need to appear at any deposition.

On November 5, 2010, Plaintiffs filed a request to enter default against Northbay on the ground that neither Laxton nor anyone else on Northbay's behalf had given any indication that Northbay expected to retain counsel.  In a footnote in the request, Plaintiffs noted that Laxton had not sat for the completion of his deposition as representative of Northbay as the Court had ordered. On November 10, 2010, the Clerk entered a default against Northbay. On November 15, 2010, the Court entered an order staying all proceedings against Laxton pursuant to the bankruptcy stay and ordered Plaintiffs to file a motion for default judgment against Northbay by December 15, 2010.  Also on November 15, 2010, Northbay filed a Chapter 7 bankruptcy petition.  On December 15, 2010, Plaintiffs filed a motion for default judgment against Northbay and served it on Northbay by email to Laxton.  On January 6, 2011, this case was administratively closed because both Defendants had filed for bankruptcy protection.

Subsequently, Plaintiffs filed, in Northbay's and Laxton's bankruptcy cases, motions to lift the automatic stay so that this case could be litigated to final resolution in this Court. Following the filing of those motions, the Trustee for Northbay, with the bankruptcy court's approval, retained special counsel for Northbay, and the Trustees for both bankruptcy estates consented to Plaintiffs' application to lift the automatic stay.

United States District Court
For the Northern District of California

Now the Northbay Trustee moves, under Rule 55(c) of the Federal Rules of Civil Procedure, to set aside the default entered against Northbay.

LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The district court has discretion to determine whether a party demonstrates "good cause." Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. TCI Group Life Ins. v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). Default judgments are "ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Thus, whenever "timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default. Mendoza, 783 F.2d at 945-46. The party seeking to vacate the entry of default bears the burden of demonstrating that these factors favor doing so. TCI Group Life, 244 F.3d at 696.

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

DISCUSSION

I. Culpable Behavior

A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful or bad faith failure to respond." District Council 16 Northern California Health and Welfare Trust Fund v. Alvarado, 2010 WL 2765522, *2 (N.D. Cal.) (citing TCI, 244 F.3d at 697-98). Plaintiffs contend that Northbay's conduct violated the Court's orders, was willful and deliberate and, therefore, was culpable. The Trustee argues that this is not the typical case for default because Northbay answered Plaintiffs' complaint and the only ground for default is the fact that Northbay was unrepresented by counsel for a few months prior to filing for bankruptcy. The Trustee contends that the temporary lack of counsel did not violate any order of the Court because the Court never set a date by which Northbay had to retain counsel and Northbay never appeared before this Court without counsel. The Trustee also argues that Laxton was diligent in attempting to locate new counsel for Northbay, was unable to do so for financial reasons, but kept Plaintiffs and the Court apprised of his efforts, thus evidencing good faith.

The Court concludes that, under these circumstances, there is no showing of a devious, deliberate or bad faith failure to obtain counsel. Therefore, this factor weighs in favor of setting aside the entry of default.

II. Prejudice

The prejudice required to defeat a motion to set aside entry of default must result in greater harm than delaying the resolution

5

of the case; it must result in tangible harm such as loss of evidence, increased difficulty in discovery or an opportunity for fraud or collusion.  District Council, 2010 WL 2765522 at *3; TCI, 244 F.3d at 701.

Plaintiffs argue that they have been prejudiced by the delay in going to trial and by the fact that Laxton has sold one of his assets, which might have been used to pay a judgment in their favor.  The delay here has been a few months and is, therefore, insufficient to cause prejudice.  Laxton's sale of an asset also is insufficient to establish prejudice because there is no Court order prohibiting such a sale and an award of damages in favor of Plaintiffs at this point is speculative.  Therefore, this factor weighs in favor of setting aside the default.

III. Meritorious Defense

Pursuant to the Ninth Circuit's opinion, there are two disputed issues of material fact.  The first is whether Mayberry lost the domain name RL.com through fraud and not theft.  See CRS, 600 F.3d at 1145-46.  This is relevant because, under California law, if it was lost through theft, the name would belong to Plaintiffs; if the name was lost by fraud, the name would belong to Defendants.  See id. at 1145 ("the law distinguishes between a purchaser whose vendor obtained title by fraud and a purchaser whose vendor obtained title by theft, because an involuntary transfer results in a void title, whereas a voluntary transfer, even if fraudulent, renders the title merely voidable.").  The second issue is whether Mayberry's actions constituted abandonment of the right to possess the domain name RL.com, in which case the

United States District Court
For the Northern District of California

name would belong to Defendants.  See id. at 1146-47.

Plaintiffs argue that they do not have to prove that Defendants have no defense, but just that they have no meritorious defense.  However, given the Ninth Circuit's opinion, there are material disputes of fact regarding two meritorious defenses--that the domain name was lost through fraud and that Mayberry had abandoned the domain name.  Therefore, this factor weighs in favor of setting aside the default.

Because all factors weigh in the Trustee's favor and because of the strong policy against default judgments, the Court concludes that the entry of default should be set aside and this case should proceed to judgment on its merits.

IV. Sanctions

It is appropriate to condition the setting aside of a default upon the payment of a sanction.  Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988).  The sanction relieves any prejudice suffered by the non-defaulting party.  Id. at 1546.

Plaintiffs argue that, if the Trustee's motion is granted, the Northbay Estate should be sanctioned by conditioning the setting aside of the default on payment of $35,607 for the attorneys' fees and costs Plaintiffs incurred in filing the motions for entry of default and for default judgment.  For the reasons discussed above, the Court concludes that an award of sanctions is not warranted.

CONCLUSION

For the foregoing reasons, the Trustee's motion to set aside the entry of default against Northbay (docket no. 51) is granted

7

and Plaintiffs' administrative motion to schedule a case management conference (docket no. 65) is granted.  A case management conference is set for Tuesday, December 6, 2011 at 2 p.m.  Case management statements are due one week before that.

IT IS SO ORDERED.

Dated: 10/21/2011

CLAUDIA WILKEN
United States District Judge