IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRS RECOVERY, INC., a Virginia corporation; and DALE MAYBERRY,

    Plaintiffs,

  v.

JOHN LAXTON, aka johnlaxton@gmail.com; and NORTHBAY REAL ESTATE, INC.,

    Defendants.

_____/

No. C 06-7093 CW

ORDER ON MOTIONS IN LIMINE

The Court issues the following rulings on the parties' motions in limine:

PLAINTIFFS' MOTIONS IN LIMINE

1. Motion to exclude evidence of bankruptcies of Defendants John Laxton and Northbay Real Estate, Inc.

    GRANTED. Laxton may serve as the corporate representative for Northbay.

2. Motion to exclude evidence of or reference to any conduct by Defendants after they acquired RL.com.

    GRANTED in part, DENIED in part. Evidence of the subsequent proceedings before the World Intellectual Property Organization (WIPO) evidence is admissible for the limited purpose of establishing that Plaintiffs waived their rights of ownership over RL.com. This evidence is not relevant to the good-faith purchaser defense, which is based on Laxton's knowledge at the time that he purchased RL.com, and any probative value would be further

diminished by the fact that Laxton had actual notice of Plaintiffs' claims to RL.com prior to the WIPO proceedings.

3. Motion to exclude testimony of Defendants' expert, Dr. John R. Levine.

WITHDRAWN by Plaintiffs.

4. Motion to exclude evidence of the terms of settlement between Plaintiffs and former Defendant Li Qiang.

GRANTED. Defendants may move to admit this evidence, if it becomes relevant for impeachment or rebuttal purposes.

5. Motion to exclude evidence of the financial terms of the assignment of RL.com from Plaintiff Dale Mayberry to Plaintiff CRS Recovery.

GRANTED.

6. Motion to exclude evidence of or reference to the Ninth Circuit opinion in this matter.

GRANTED. Defendants do not oppose this motion.

7. Motion to exclude evidence of or reference to the good-faith purchaser defense until Defendants have introduced evidence that the transfer of RL.com was obtained by fraud.

DENIED.

8. Motion to exclude evidence of communications between Laxton and Richard Lau about the domain name beef.com and Lau's alleged use of aliases.

DENIED.

## DEFENDANTS' MOTIONS IN LIMINE

1. Motion to exclude evidence of damages based on lost profits.

DENIED.

2. Motion to exclude expert testimony of Richard Lau.

2

WITHDRAWN by Defendants.  Defendants reserved the right to move to exclude Lau's expert testimony, if he offers testimony that is duplicative of Plaintiffs' other experts at trial.

3.   Motion to instruct the jury not to consider the current registration of RL.com, and to exclude evidence of or reference to this Court's prior summary judgment order in this case.

GRANTED.  Plaintiffs do not oppose this motion.  The parties shall meet and confer regarding an appropriate instruction directing the jury to disregard the current registration of RL.com for the purpose of determining which party is entitled to ownership of it.

IT IS SO ORDERED.

Dated: 4/30/2012

CLAUDIA WILKEN
United States District Judge