IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRS RECOVERY SERVICES, INC.; and DALE MAYBERRY, | No. C 06-7093 CW |
| Plaintiffs, | PRELIMINARY JURY INSTRUCTIONS |
| v. | |
| JOHN LAXTON; and NORTHBAY REAL ESTATE, INC., | |
| Defendants. | |

_____/

## DUTY OF THE JURY

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You may keep these instructions throughout the trial and refer to them.  These instructions are not to be taken home and must remain in the jury room when you leave in the afternoon.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any

United States District Court
For the Northern District of California

personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves claims by Plaintiffs Dale Mayberry and CRS Recovery Services, Inc., a company to which Mr. Mayberry assigned his rights.  Plaintiffs make claims against two Defendants--John Laxton and a company he owns called Northbay Real Estate, Inc. Plaintiffs allege that a domain name owned by Mr. Mayberry, RL.com, was taken from him by theft by an individual in China known as Li Qiang.  Mr. Qiang subsequently transferred the domain name to Bernali Kalita of India who sold the domain name to Mr. Laxton in May 2005.  Mr. Laxton later transferred the domain name to Northbay.  Plaintiffs claim that title to the domain name never transferred to Mr. Qiang since he stole it without Mr. Mayberry's knowledge and consent.  Therefore, because Mr. Qiang could not transfer title to Mr. Kalita, Mr. Kalita could not transfer title to Mr. Laxton and Mr. Laxton could not transfer title to Northbay, Plaintiffs are the rightful owners of RL.com.  Plaintiffs are also seeking monetary damages resulting from their loss of the domain name.

Defendants Mr. Laxton and Northbay have asserted a number of defenses to the claim.  Defendants claim that Mr. Mayberry had abandoned RL.com before Mr. Laxton purchased RL.com and thus

United States District Court
For the Northern District of California

2

Plaintiffs have no right to it.  Defendants also argue that RL.com was taken from Mr. Mayberry by Mr. Qiang through fraud and not by theft.  If that were true, title was transferred to Mr. Qiang and he could transfer title to Mr. Kalita, Mr. Kalita to Mr. Laxton, and Mr. Laxton to Northbay, if Mr. Laxton purchased RL.com for value and without knowledge that Mr. Qiang wrongfully obtained the title to RL.com from Mr. Mayberry.  Finally, Defendants claim that, even if Plaintiffs are the rightful owners of RL.com, they are not entitled to any damages for their loss of use of it.

### BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### BURDEN OF PROOF — CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)   The sworn testimony of any witness;

(2)   The exhibits which are received into evidence; and

(3)   Any facts to which the lawyers have agreed.

United States District Court
For the Northern District of California

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot

be answered, and the exhibit cannot be received.  Whenever I
sustain an objection to a question, you must ignore the question
and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the
record and that you disregard or ignore the evidence.  That means
that when you are deciding the case, you must not consider the
evidence that I told you to disregard.

EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been
admitted for a limited purpose, you must consider it only for that
limited purpose and for no other.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is
direct proof of a fact, such as testimony by a witness about what
that witness personally saw or heard or did.  Circumstantial
evidence is proof of one or more facts from which you could find
another fact.  You should consider both kinds of evidence.  The
law makes no distinction between the weight to be given to either
direct or circumstantial evidence.  It is for you to decide how
much weight to give to any evidence.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to
decide which testimony to believe and which testimony not to
believe.  You may believe everything a witness says, or part
of it, or none of it.

In considering the testimony of any witness, you may
take into account:

**United States District Court**
For the Northern District of California

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicts the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

OUTLINE OF TRIAL

The trial will proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

**United States District Court**
For the Northern District of California

1     Plaintiffs will then present evidence, and counsel for

2 Defendants may cross-examine.  Then Defendants may present

3 evidence, and counsel for Plaintiffs may cross-examine.

4     After the evidence has been presented, I will instruct you on

5 the law that applies to the case and the attorneys will make

6 closing arguments.

7     After that, you will go to the jury room to deliberate on

8 your verdict.

9              CONVERSION – ESSENTIAL FACTUAL ELEMENTS

10     Plaintiffs claim that Defendants converted their personal

11 property, namely the domain RL.com.  Conversion means that a

12 person wrongfully exercised control over the personal property of

13 another.  To establish this claim, Plaintiffs must prove all of

14 the following:

15     (1)    That Plaintiffs owned, possessed, or had a right to

16 possess the domain name RL.com.

17     (2)    That Defendants intentionally and substantially

18 interfered with Plaintiffs' property by taking possession of

19 RL.com and refusing to return RL.com after Plaintiffs demanded its

20 return.

21     (3)    That Plaintiffs did not consent;

22     (4)    That Plaintiffs were harmed; and

23     (5)    That Defendants' conduct was a substantial factor in

24 causing Plaintiffs' harm.

25              CONVERSION – DEFENSES – GENERALLY

26     If you find that Plaintiffs have proved the elements of their

27 claim for conversion, you must then decide whether Defendants have

28 a valid defense to that claim.  Defendants assert several defenses

to the claim.  Defendants need only establish one of their
defenses.  Defendants bear the burden of proof on their
affirmative defenses.

CONVERSION – DEFENSES APPLY TO ASSIGNEES

CRS is subject to all of the defenses that Defendants could
assert against Mr. Mayberry.  Thus, if you find that Defendants
have proved all the elements of a defense that would have applied
to Mr. Mayberry, it applies to CRS.

CONVERSION--AFFIRMATIVE DEFENSE--ABANDONMENT

Defendants assert as a defense that Mr. Mayberry abandoned
the domain name RL.com before Defendants purchased it.  Once
property has been abandoned, the owner is not thereafter entitled
to recover it.

In order to show abandonment, Defendants must show by a
preponderance of the evidence that each of the following occurred,
before Defendants acquired RL.com:

1. A clear, unequivocal, and decisive act of abandonment of
RL.com; and

2. The intent to abandon RL.com.

Intent to abandon may be express or implied, and may be
inferred from conduct.  Whether RL.com was abandoned is to be
determined when considering all the facts and circumstances.

CONVERSION--AFFIRMATIVE DEFENSE--INNOCENT PURCHASER FOR VALUE
WITHOUT NOTICE--INTRODUCTION

Defendants also claim as a defense that they were innocent
purchasers for value without notice that RL.com  was wrongfully
obtained.  Defendants bear the burden of proof to establish the

United States District Court
For the Northern District of California

elements of this defense.  To prove this defense, Defendants must first prove that Mr. Qiang obtained RL.com by fraud, not by theft.

DEFINITION OF THEFT

Every person who steals or takes the personal property of another with the specific intent to deprive the owner permanently of his property is guilty of the crime of theft.  In California, a domain name constitutes personal property, and can be stolen.

To constitute a theft, the property need not be actually removed from the place or premises where it was kept, nor need it be retained by the perpetrator.

In order to prove theft, each of the following elements must be proved:

1.  A person took personal property of some value belonging to another without the owner's consent;

2.  When the person took the property he had the specific intent to deprive the alleged victim permanently of his property; and

3.  The person took the property by obtaining possession and control for some period of time.

If Mr. Qiang obtained RL.com by theft, then you need not consider whether Defendants were innocent purchasers for value without notice, because property obtained by theft does not convey valid title to the stolen property and, therefore, a thief cannot convey valid title to any subsequent purchaser of the property.

DEFINITION OF FRAUD

Fraud is defined as the representation, as a fact, of that which is not true, by one who does not believe it to be true.

**United States District Court**
For the Northern District of California

    To establish that Mr. Qiang obtained the RL.com domain name
by fraud rather than theft, Defendants must prove least each of
the following elements:

1.    Misrepresentation to Mr. Mayberry by Mr. Qiang; and

2.    That Mr. Mayberry voluntarily gave up control over the RL.com
domain name as a result of the misrepresentation.

    CONVERSION--AFFIRMATIVE DEFENSE--INNOCENT PURCHASER FOR VALUE

                 WITHOUT NOTICE--OTHER ELEMENTS

    If Defendants prove that Mr. Qiang obtained RL.com by fraud,
then you must next determine whether Defendants were good faith
purchasers.  To establish that they were good faith purchasers,
Defendants must prove both of the following by a preponderance of
the evidence:

    1. Defendants purchased the RL.com domain name for value from a
third party; and

    2. Defendants had no actual or constructive notice that the
third party or the seller to that third party of RL.com had
obtained the RL.com domain name wrongfully.

    If Defendants prove both of these things, as well as that Mr.
Qiang obtained RL.com by fraud, then Defendants are not liable for
conversion.

               DEFINITION OF CONSTRUCTIVE NOTICE

    Every person who has actual notice of circumstances
sufficient to cause a prudent person to inquire as to a particular
fact has constructive notice of the fact itself if, by making such
inquiry, he or she might have learned such fact.

NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of

1  your jury duty.  Thus, until the end of the case or unless I tell
2  you otherwise:

3      Do not communicate with anyone in any way and do not let
4  anyone else communicate with you in any way about the merits of
5  the case or anything to do with it.  This includes discussing the
6  case in person, in writing, by phone or electronic means, via
7  e-mail, text messaging, or any Internet chat room, blog, Web site
8  or other feature.  This applies to communicating with your fellow
9  jurors until I give you the case for deliberation, and it applies
10 to communicating with everyone else including your family members,
11 your employer, the media or press, and the people involved in the
12 trial, although you may notify your family and your employer that
13 you have been seated as a juror in the case.  But, if you are
14 asked or approached in any way about your jury service or anything
15 about this case, you must respond that you have been ordered not
16 to discuss the matter and to report the contact to the court.

17     Because you will receive all the evidence and legal
18 instruction you properly may consider to return a verdict:  do not
19 read, watch, or listen to any news or media accounts or commentary
20 about the case or anything to do with it; do not do any research,
21 such as consulting dictionaries, searching the Internet or using
22 other reference materials; and do not make any investigation or in
23 any other way try to learn about the case on your own.

24     The law requires these restrictions to ensure the parties
25 have a fair trial based on the same evidence that each party has
26 had an opportunity to address.  A juror who violates these
27 restrictions jeopardizes the fairness of these proceedings, and a
28 mistrial could result that would require the entire trial process

United States District Court
For the Northern District of California

to start over.  If any juror is exposed to any outside
information, please notify the court immediately.

     IT IS SO ORDERED.

Dated: 5/4/2012

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California