IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRS RECOVERY, INC.; and DALE MAYBERRY,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN LAXTON; and NORTHBAY REAL ESTATE, INC.,<br><br>    Defendants.<br>_____/ | No. C 06-7093 CW<br><br>FINAL JURY INSTRUCTIONS |

DUTY OF THE JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate. These final instructions control and you should not concern yourselves with any differences between them and the preliminary instructions. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) The sworn testimony of any witness;

(2) The exhibits which were received into evidence; and

(3) Any facts to which the lawyers have agreed.

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain certain matters in the case.  These charts and summaries were not received in evidence.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the witness was permitted to answer the question.  If I sustained the objection, the witness was not permitted to answer the question.  If I

3

sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicts the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and

4

answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of a representative of Verisign, Inc. was taken on May 3, 2012.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

## EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## SUMMARY OF CASE AND PARTIES' CLAIMS AND DEFENSES

This case involves claims by Plaintiffs Dale Mayberry and CRS Recovery Services, Inc., a company to which Mr. Mayberry assigned his rights.  Plaintiffs make claims against two Defendants--John Laxton and a company he owns called Northbay Real Estate, Inc. Plaintiffs allege that a domain name owned by Mr. Mayberry, RL.com, was taken from him by theft by an individual in China known as Li Qiang.  Mr. Qiang subsequently transferred the domain name to Bernali Kalita of India, who sold the domain name to Mr. Laxton in May 2005.  Mr. Laxton later transferred the domain name to Northbay.  Plaintiffs claim that title to RL.com never transferred to Mr. Qiang because he took it by theft without Mr. Mayberry's knowledge and consent.  Therefore, because Mr. Qiang

5

could not transfer title to Mr. Kalita, Mr. Kalita could not transfer title to Mr. Laxton and Mr. Laxton could not transfer title to Northbay, Plaintiffs are the rightful owners of RL.com.

Defendants Mr. Laxton and Northbay have asserted two defenses to the claim. First, Defendants claim that Mr. Mayberry abandoned RL.com before Mr. Laxton purchased RL.com and thus Plaintiffs have no right to it. Second, Defendants argue that RL.com was taken from Mr. Mayberry by Mr. Qiang by fraud and not by theft. If that were true, title would have transferred to Mr. Qiang, and he could have transferred title to Mr. Kalita, Mr. Kalita to Mr. Laxton, and Mr. Laxton to Northbay, if Mr. Laxton purchased RL.com for value and without knowledge that Mr. Qiang wrongfully obtained RL.com from Mr. Mayberry.

CONVERSION – ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that Defendants converted their personal property, namely the domain name RL.com. Conversion means that a person wrongfully exercised control over the personal property of another. To establish this claim, Plaintiffs must prove all of the following:

(1) That Plaintiffs had a right to the domain name RL.com;

(2) That Defendants refused to return RL.com after Plaintiffs demanded its return; and

(3) That Plaintiffs were harmed by Defendants' refusal.

CONVERSION – DEFENSES – GENERALLY

If you find that Plaintiffs have proved that Defendants converted RL.com, you must then decide whether Defendants have a valid defense to Plaintiffs' claim. Defendants assert two defenses to the claim. Defendants need only establish one of

6

their defenses.  Defendants bear the burden of proof on their defenses.

### CONVERSION – DEFENSES APPLY TO ASSIGNEES

CRS is subject to all of the defenses that Defendants could assert against Mr. Mayberry.  Thus, if you find that Defendants have proved all the elements of a defense that would have applied to Mr. Mayberry, it applies to CRS.

### CONVERSION – AFFIRMATIVE DEFENSE – ABANDONMENT

Defendants assert as a defense that Mr. Mayberry abandoned the domain name RL.com before Defendants purchased it.  Once property has been abandoned, the owner is not thereafter entitled to recover it.

In order to show abandonment, Defendants must show by a preponderance of the evidence that each of the following occurred, before Defendants acquired RL.com:

1. A clear, unequivocal, and decisive act by Mr. Mayberry of abandonment of RL.com; and

2. Mr. Mayberry intended to abandon RL.com.

Intent to abandon may be express or implied, and may be inferred from conduct.  Whether RL.com was abandoned is to be determined when considering all the facts and circumstances.

If you conclude that Mr. Mayberry voluntarily gave up his rights to MAT.net when he failed to pay the registration fee for MAT.net in 2003, you may, but are not required to, find that this amounted to an act of abandonment of RL.com.  If you find that this did amount to an act of abandonment, to determine that Mr. Mayberry did abandon RL.com, you must also find that he intended to abandon RL.com.

7

CONVERSION – AFFIRMATIVE DEFENSE – INNOCENT PURCHASER FOR VALUE WITHOUT NOTICE – INTRODUCTION

Defendants also claim as a defense that they were innocent purchasers for value without notice that RL.com was wrongfully obtained. Defendants bear the burden of proof to establish the elements of this defense. To prove this defense, Defendants must first prove that Mr. Qiang obtained RL.com by fraud, not by theft. This is because the law distinguishes between a person who purchased from someone who had obtained title to the property by fraud and a person who purchased from a thief who had no title to sell.

DEFINITION OF THEFT

Theft is when a person steals or takes the personal property of another with the specific intent to deprive the owner permanently of his property. In California, a domain name constitutes personal property, and can be stolen. Mr. Qiang obtained RL.com by theft if he took RL.com without the consent of the owner, Mr. Mayberry.

DEFINITION OF FRAUD

To establish that Mr. Qiang obtained the RL.com domain name by fraud rather than theft, Defendants must prove each of the following elements:

1. Mr. Qiang made a representation, as a fact, of something which was not true and which he did not believe to be true;

2. Mr. Mayberry voluntarily gave up control over the RL.com domain name; and

3. Mr. Mayberry voluntarily gave up control over the RL.com domain name as a result of Mr. Qiang's misrepresentation.

8

If you find that Mr. Mayberry had voluntarily given up his rights to MAT.net when he failed to pay the registration fee for MAT.net in 2003, you may, but are not required to, find that this amounted to a voluntary relinquishment of his rights to RL.com.

The essential difference between fraud and theft in this circumstance is whether Mr. Qiang took RL.com from Mr. Mayberry without his consent, which would be theft, or whether Mr. Mayberry gave up his rights to RL.com voluntarily because of Mr. Qiang's false representations.

## CONVERSION – AFFIRMATIVE DEFENSE – INNOCENT PURCHASER FOR VALUE WITHOUT NOTICE – OTHER ELEMENTS

If Defendants prove that Mr. Qiang obtained RL.com by fraud, then you must next determine whether Defendants were good faith purchasers. To establish that they were good faith purchasers, Defendants must prove both of the following by a preponderance of the evidence:

1. Defendants purchased the RL.com domain name for value from a third party; and

2. Defendants had no actual or constructive notice that the third party or the seller to that third party of RL.com had obtained the RL.com domain name wrongfully.

If Defendants prove both of these things, as well as that Mr. Qiang obtained RL.com by fraud, then Defendants are not liable for conversion.

## DEFINITION OF CONSTRUCTIVE NOTICE

Every person who has actual notice of circumstances sufficient to cause a prudent person to inquire as to a particular

9

fact has constructive notice of the fact itself if, by making such inquiry, he or she might have learned such fact.

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your answer to each of the questions on the verdict form must be unanimous, and your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any

10

member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

RETURN OF VERDICT

A special verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

IT IS SO ORDERED.

Dated: May 9, 2012

CLAUDIA WILKEN
United States District Judge

11