IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRS RECOVERY, INC., a Virginia corporation; and DALE MAYBERRY,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN LAXTON, aka johnlaxton@gmail.com; and NORTHBAY REAL ESTATE, INC.,<br><br>    Defendants.<br>_____/ | No. C 06-7093 CW<br><br>ORDER DENYING DEFENDANTS' MOTION OBJECTING TO THE CLERK'S TAXATION OF COSTS (Docket No. 371) |

Defendant Northbay Real Estate, Inc., through its Chapter 7 Bankruptcy Trustee, Linda Green, seeks review of the Clerk's order taxing costs against it and Defendant John Laxton.[1] Laxton has not joined in the motion or separately objected to the taxation of costs. Plaintiffs CRS Recovery, Inc. and Dale Mayberry oppose Northbay's motion. The Court took the motion under submission on the papers. Having reviewed the papers filed by the parties, the Court DENIES the motion.

BACKGROUND

CRS Recovery, Inc. and Mayberry filed this action on November 15, 2006, against, among others, Laxton and Northbay. Docket No. 1. On October 30, 2007, Plaintiffs filed their second amended complaint (2AC). Docket No. 51. In the 2AC, they asserted claims

---

[1] The motion purports to be filed on behalf of "Defendants," although it does not specifically identify them. The motion is signed by George Donaldson, special counsel to Green, Trustee of Northbay's estate, and is not signed by Laxton, who is proceeding pro se in this action. In addition, only Northbay is identified in the heading of the document.

for conversion, intentional interference with contract, declaratory relief and unfair competition.

On September 26, 2008, the Court granted Plaintiffs' motion for summary adjudication on their claims against Laxton and Northbay for conversion and declaratory relief. Docket No. 170. The Court also dismissed Plaintiffs' claims for intentional interference with contract and unfair competition because, at the hearing, Plaintiffs agreed to dismiss these claims if they prevailed on the motion for summary adjudication of the other claims. Id. at 18. Subsequently, the Ninth Circuit reversed in part this Court's summary adjudication order, finding that, under the facts presented at that time, material disputes remained regarding the circumstances under which Mayberry lost control of rl.com, the domain name which is the subject of the dispute, including whether this was the result of theft, fraud or abandonment.

On October 13, 2010, Laxton filed for bankruptcy under Chapter 13. Docket No. 226-5. On November 15, 2010, Northbay filed for bankruptcy as well and Green was appointed as its bankruptcy trustee. Docket No. 236-1.

Subsequently, Plaintiffs filed, in Laxton's and Northbay's bankruptcy cases, motions to lift the automatic stay so that this case could be litigated to final resolution in this Court. Plaintiffs' motions were granted on February 25, 2011 and March 1, 2011. Docket No. 25, In re John Douglas Laxton, Case No. 10-13957 (Bankr. N.D. Cal.); Docket No. 15, In re Northbay Real Estate, Inc., Case No. 10-14390 (Bankr. N.D. Cal.).

2

...

On July 26, 2011, Laxton filed a motion to dismiss his bankruptcy case, asserting that a Chapter 13 plan had not been confirmed because he is not able to fund the plan. Docket No. 39, In re John Douglas Laxton, Case No. 10-13957 (Bankr. N.D. Cal.). On August 7, 2011, the court dismissed his bankruptcy case. Docket No. 41, In re John Douglas Laxton, Case No. 10-13957 (Bankr. N.D. Cal.).

A four day trial was held in the instant action on May 7 through 10, 2012. Docket Nos. 339-42. On the first day of trial, Plaintiffs moved to dismiss voluntarily their claim for intentional interference with contract, which motion the Court granted. Docket No. 381, 4:17-20. Defendants did not object to the dismissal.

On May 10, 2012, the jury returned a verdict that Plaintiffs proved that Laxton and Northbay had converted rl.com. Docket No. 345. The jury also found that Defendants had not proved either of their affirmative defenses. Id. After the jury returned its verdict, Plaintiffs voluntarily dismissed their claim for violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code section 17200, with the Court's permission. Docket No. 384, 565:15-24. Defendants did not object to the dismissal.

On May 29, 2012, Plaintiffs filed their bill of costs, seeking $25,589.67. Docket No. 348.

On May 31, 2012, Northbay filed a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). Docket No. 349. On June 4, 2012, Laxton joined in the motion. Docket No. 352.

3

On June 11 and 12, 2012, Defendants filed notices of appeal and each paid the appellate fee of $455. Docket Nos. 353-55. Neither Defendant sought <u>in forma pauperis</u> status for the appeal.

On June 13, 2012, Northbay filed objections to Plaintiffs' bill of costs. Docket No. 357.[2]

On June 14, 2012, the Clerk taxed costs in the amount of $20,767.99 against Defendants. Docket No. 360.

On June 21, 2012, Northbay first filed the instant motion. Docket No. 367. However, at that time, Northbay filed the document incorrectly and was directed by the Clerk to re-file it. Docket No. 370. On June 25, 2012, Northbay refiled the motion. Docket No. 371.

On July 18, 2012, Plaintiffs filed their opposition to Northbay's motion. Docket No. 379.[3]

On today's date, the Court denied the renewed motion for judgment as a matter of law.

## DISCUSSION

I. Objection to Taxing of Exemplification and Copying Expenses

Northbay objects to the taxation of $13,181.80 for exemplification and copies.

---

[2] In violation of Civil Local Rule 54-2(a), Northbay filed its objections to Plaintiffs' bill of costs fifteen days after Plaintiffs filed and served it. The Court exercises its discretion to excuse the tardiness of Northbay's submission.

[3] In violation of Civil Local Rule 7-3(a), Plaintiffs filed their opposition more than fourteen days after Northbay filed its motion. Plaintiffs explain that their delay in filing their opposition was in part due to confusion about the due date because Northbay filed an amended notice of the hearing date for its motion on July 2, 2012. <u>See</u> Docket No. 372. The Court exercises its discretion to excuse the tardiness of Plaintiffs' filing.

4

Federal Rule of Civil Procedure 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Title 28 U.S.C. § 1920 provides in relevant part that a judge or clerk may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Civil Local Rule 54-3(d) sets forth certain standards for taxing costs for reproduction and exemplification, stating in part,

> (4) The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided.
>
> (5) The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial.

Civil Local Rule 54-3(d)(4),(5).

In their bill of costs, Plaintiffs sought $16,181.30 for these expenses. Docket No. 348. With the bill of costs, Plaintiffs submitted evidence that they incurred $630.17 for the cost of preparing trial exhibit binders as required under the Court's standing order and $15,551.13 for graphics for use at trial. Docket No. 348-7. When taxing costs, the Clerk reduced this amount by $2,999.50, or approximately nineteen percent, and awarded $13,181.80. Docket No. 360. The Clerk explained that costs were adjusted to exclude those "outside ambit of L.R. 54-3(d)." Id.

Northbay argues that Plaintiffs have not shown that the exemplification materials were reasonably necessary for use in the

5

case, that "electronic methods of exemplification" are not recoverable under 28 U.S.C. § 1920(4), and that the expenses incurred "are facially exorbitant, particularly given that the trial only lasted two and a half days." Mot. at 3. Northbay appears to challenge the costs requested for demonstratives and graphics and not those requested for preparation of trial exhibit binders.

The Ninth Circuit has recognized that, in the context of 28 U.S.C. § 1920(4), "'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids" and has held that "the common meaning of the phrase 'exemplification and copies of papers' may under certain circumstances encompass illustrative materials if 'necessarily obtained for use in the case.'" Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767, 770 (9th Cir. 1988). Thus, to the extent that Plaintiffs incurred these expenses to produce demonstratives, including graphic aids, that were reasonably necessary at trial, they are allowable under 28 U.S.C. § 1920(4) and Civil Local Rule 54-3(d)(4).

Northbay's proffered authority does not hold to the contrary. The court in Fells v. Va. Dept. of Transp., 605 F. Supp. 2d 740 (E.D. Va. 2009), did not address whether a prevailing party could recover the cost of preparing demonstratives for use at trial. Instead, the district court declined to allow recovery of expenses incurred to create electronically searchable documents, in contrast with reproducing paper documents in electronic form, in order to create an electronic database to assist in discovery. Id. at 741, 743-44.

6

1      Here, Plaintiffs seek reimbursement of costs for the creation
2 large boards and electronic graphics for display at trial and
3 state that the "vast majority--if not all--of these graphics were
4 displayed during trial to assist with their understanding of the
5 facts and issues in this case." Lisi Decl. ¶ 3. Plaintiffs used
6 the graphics extensively during the trial and they appear to have
7 been reasonably necessary in assisting the jury to understand the
8 events, timeline and technology at issue in this matter. The
9 costs do not appear "exorbitant" for the graphics actually
10 produced and used, as Northbay argues. However, it is not clear
11 whether Plaintiffs in fact used during the course of the trial all
12 of the graphics for which they seek costs, and any graphics that
13 were not actually displayed during trial cannot be said to have
14 been necessarily obtained for use in the case. Accordingly, the
15 Court finds it reasonable to reduce Plaintiffs' costs for graphics
16 prepared for Plaintiffs for use at trial by about nineteen
17 percent, from $15,551.13 to $12,551.63. Because Northbay does not
18 challenge on this basis the amount requested for the preparation
19 of trial exhibit binders, $630.17, and the amount requested for
20 that expense appears justified, the Court does not apply the same
21 reduction to that amount.
22      Thus, the Court denies Northbay's motion as to the
23 exemplification and copying expenses. The Clerk's order awarding
24 $13,181.80 for these costs is affirmed.
25 II. Objection to Taxing of Expenses in General
26      Northbay argues that Defendants should not be required to pay
27 costs at all, or the costs should be significantly reduced,
28 because Plaintiffs did not pursue their requests for damages and

7

abandoned their claims for intentional interference with contract and unfair competition at "the very end of trial." Mot. at 2. Northbay also points to Defendants' lack of financial resources.

"Federal Rule of Civil Procedure 54(d)(1) creates a presumption in favor of awarding a prevailing party its costs other than attorneys' fees, but vests in the district court the discretion to refuse to award such costs if the district court gives specific reasons explaining why the case is not ordinary and why it would be 'inappropriate or inequitable to award costs.'" Jack Russell Terrier Network v. Am. Kennel Club, Inc., 407 F.3d 1027, 1038 (9th Cir. 2005) (quoting The Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591, 593 (9th Cir. 2000) (en banc)). "Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance." Quan v. Computer Sciences Corp., 623 F.3d 870, 888-89 (9th Cir. 2010) (internal quotation marks and citations omitted).

Northbay contends that, because Plaintiffs abandoned their claims for intentional interference with contract and unfair competition, which Northbay characterizes as "meritless," and their claim for damages, Plaintiffs should not be awarded costs as prevailing parties. Northbay cites Barber v. T.D. Williamson,

8

Inc., 254 F.3d 1223 (10th Cir. 2001), in which the court discussed situations where the plaintiffs were "only partially successful," "where neither side entirely prevailed, or when both sides prevailed," as examples of when courts may exercise their discretion to reduce or deny an award of costs. However, Northbay offers no examples where a plaintiff withdrew certain claims and prevailed on the remaining claims and costs were denied.

Further, the facts of this case do not support the outcome that Northbay urges. Here, the primary issue was the determination of the owner of the domain name rl.com, and that issue was decided in Plaintiffs' favor. In addition, Northbay's suggestion that Plaintiffs acted in bad faith by dismissing their other claims at the end of the trial is not well-taken. Plaintiffs dismissed their intentional interference claim at the start of the trial and had previously provided notice that they would not pursue that claim at the trial. Plaintiffs dismissed the UCL claim, which would have been tried to the Court, after the jury verdict because they had already obtained their desired relief through the favorable verdict on their other claims. Thus, there was no reason for the Court to rule on the UCL claim.

Northbay also argues that Plaintiffs should be denied costs because of Defendants' indigent status. Northbay points out that it is in Chapter 7 bankruptcy proceedings and is represented here by its bankruptcy trustee and that Laxton had been in bankruptcy shortly before trial. Northbay also contends that denial of costs appropriate because Laxton was not repaid for the amount he expended in purchasing rl.com or the amount he incurred in successfully defending the domain name against a challenge by

9

1 Ralph Lauren before the World Intellectual Property Organization,
2 which defense benefitted Plaintiffs.
3 However, Northbay has not offered proof that Defendants are
4 presently unable to pay the fees or that to do so would result in
5 a hardship. Neither Defendant applied for in forma pauperis
6 status on appeal and instead each paid $455 for the filing fee of
7 their appeal. Further, Laxton's Chapter 13 bankruptcy case was
8 dismissed almost a year before the trial and, although he was
9 unable to fund a Chapter 13 plan at that time, there is no
10 evidence that he sought bankruptcy protection under Chapter 7
11 instead. Northbay also offers no authority or evidence that would
12 support reducing the costs award based on expenses that Laxton
13 incurred to acquire or defend the domain name.
14 The Court finds that the equities do not support denial or
15 reduction of Plaintiffs' costs.

## CONCLUSION

17 For the reasons set forth above, the Court DENIES Northbay's
18 motion objecting to the Clerk's assessment of costs (Docket No.
19 371). Taxable costs of $20,767.99 are awarded to Plaintiffs.
20 IT IS SO ORDERED.

Dated: 1/10/2013

CLAUDIA WILKEN
United States District Judge

10